IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SANTIAGO VANCE, )
)
    **Plaintiff,** )
)
vs. ) Case No. 17−cv–0927−SMY
)
SOUTHERN ILLINOIS )
CORRECTIONAL CENTER, and )
ANITA BAZILE-SAWYER )
)
    **Defendants.**

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Santiago Vance, an inmate in Southwestern Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests monetary compensation and staff retraining. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Complaint

Plaintiff alleges that on March 2, 2017 he received mail regarding a sensitive matter from the Administrative Review Board ("ARB") and that mail was given to him opened. (Doc. 1, p. 4).

### Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

> **Count 1 –** Plaintiff's mail from the ARB was opened outside his presence on a single occasion in violation of the First Amendment.

Plaintiff's claim fails for multiple reasons. First of all, Plaintiff has named Southwestern Illinois Correctional Center as a defendant, but a correctional center is not a proper defendant. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56

2

F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.,* 931 F.2d 425, 427 (7th Cir.1991) (same); *Santiago v. Lane,* 894 F.2d 219, 220 n. 3 (7th Cir.1990) (same). The IDOC is not a "person," who is amenable to suit under § 1983. Likewise, Southwestern Illinois, which is a division of the IDOC, is not a "person" within the meaning of the Civil Rights Act. *See Will,* 491 U.S. at 71. So any claim Plaintiff is attempting to bring against Southwestern Illinois Correctional Center fails.

Plaintiff's naming the warden as a defendant is also problematic. First of all, Plaintiff has not included Bazile-Sawyer in his statement of claim. The reason that plaintiffs, even those proceeding *pro se,* for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir.2003) (a "short and plain" statement of the claim suffices under Fed.R.Civ.P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County,* 235 F.3d 1000, 1024 (7th Cir.2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiff has not associated any specific action with Bazile-Sawyer and has failed to state a claim against her.

To the extent that Plaintiff sued Bazile-Sawyer because of her position as warden on the assumption that she is responsible for the other employees at the prison, that theory is foreclosed

by the relevant case law. There is no respondeat superior liability in § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008) (the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983); *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983) (discussing *respondeat superior* liability in § 1983 actions). Plaintiff cannot hold the warden responsible for the actions of others.

But more to the point, Plaintiff's claim fails on the merits. The First Amendment protects inmates' right to send and receive mail. *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir.1999). Different levels of scrutiny apply depending on whether the mail is legal mail or non-legal mail. Complicating matters further, the Illinois Administrative Code distinguishes between privileged mail and non-privileged mail. 20 Ill Adm. Code 525.110. While all legal mail is privileged mail, not all privileged mail is legal mail. *Id.* As germane to this case, correspondence from the ARB is privileged mail, and the regulations specify that it should only be opened in the presence of the offender. 20 Ill. Adm. Code 525.110(f); 20 Ill. Adm. Code 525.140(b). The violation of the regulations, however, does not state a constitutional claim. *See Whitman v. Nesic*, 368 F.3d 931, 935 n. 1 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (finding that § 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations). Even allegations that a party violated a state mandatory rule do not necessarily state a constitutional claim. *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001); *White v. Henman*, 977 F.2d 292, 295 (7th Cir. 1992) (the violation of an administrative rule is not the same as a violation of the Constitution). The fact that prison officials may have violated the Illinois Administrative Code is not relevant to the analysis of whether Plaintiff has stated a cognizable legal claim.

If Plaintiff has a claim, it must be based on interference with his non-legal mail because correspondence from the ARB is not legal mail. 20 Ill. Adm. Code 525.110(h); *see also Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005) (prison officials may violate an inmate's constitutional rights when they open mail from an attorney that is marked "legal mail"). *Wolff v. McDonnell*, 418 U.S. 539, 574-77 (1974) (noting that correspondence between attorney and client may be deserving of protection due to concerns about the traditional attorney-client relationship). Plaintiff has alleged that the correspondence is from the ARB, not an attorney. As the correspondence neither meets the regulatory definition of legal mail, nor implicates concerns over the traditional attorney-client relationship, the Court will use the standard for non-legal mail.

Policies and practices addressing incoming non-legal mail must be reasonably related to legitimate penological interests. *Id.* Prison security is the type of important penological interest that requires accommodation with a prisoner's First Amendment rights. *Gaines v. Lane,* 790 F.2d 1299, 1304 (7th Cir.1986). Opening non-legal mail does not state a claim; prison officials are authorized to conduct searches of mail. *See Rowe*, 196 F.3d at 782 ("prison security is 'a sufficiently important governmental interest to justify limitations on a prisoner's first amendment rights' "); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) ("provisions of this type do not impermissibly intrude on First Amendment rights"); *Smith v. Shimp*, 562 F.2d 423, 425 (7th Cir. 1977).

A valid claim for other interference with non-legal mail requires an allegation that there has been "a continuing pattern or repeated occurrences" of mail interference. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Sizemore v. Wiliford*, 829, F.2d 608, 610 (7th Cir. 1987))). Plaintiff has alleged a single

5

incident of unauthorized opening of a piece of non-legal mail. Plaintiff has no legal interest in avoiding this type of singular regulatory violation. His claim will be dismissed with prejudice as legally frivolous.

## Pending Motions

As this case will be dismissed with prejudice, Plaintiff Motion for Appointment of Counsel is **DENIED** as **MOOT**. (Doc. 3).

## Disposition

**IT IS HEREBY ORDERED** that the Complaint asserts a legally frivolous interest avoiding a singular instance of opening non-legal mail. The case is therefore **DISMISSED with prejudice**. Plaintiff shall be assessed a strike pursuant to 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment.

**IT IS SO ORDERED.**

**DATED: October 24, 2017**

                                              <u>s/ STACI M. YANDLE</u>
                                              **U.S. District Judge**